FILED ORLANDO DIVISION
2015 DEC 30 PM 12:36
U.S. BANKRUPTCY COURT
MIDDLE DIST OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
(ORLANDO DIVISION)

| | |
|---|---|
| In re: ANDREW B. MIGELL, *Debtor*. | Case Number: 6:15-bk-10569-KSJ<br>Chapter 11 |

**EMERGENCY MOTION ON BEHALF OF CREDITOR ALICE E. MIGELL FOR RELIEF FROM STAY AND TO AUTHORIZE SALE OF REAL ESTATE BY THE RECEIVER PURSUANT TO SETTLEMENT AGREEMENT**
**OR TO APPOINT TRUSTEE**

On behalf of Creditor Alice E. Migell, her undersigned conservator and guardian, moves for relief from the automatic stay pursuant to 11 U.S.C. § 362(d), for cause, and authorize the sale of property pursuant to the Settlement Agreement as approved by this Court on July 21, 2015 in Case No. 6:14-bk-13714 for the following reasons:

1. This petition is filed only to abuse the automatic stay in order to prevent sales of properties that are ready to close, pursuant to the Settlement Agreement as approved by this Court on July 21, 2015 when it dismissed the Debtor's first abusive and fraudulent petition. See

79371
176.00

Case No. 6:14-bk-13714.[1] The Debtors ongoing bad faith and fraudulent activity as more fully described in the Consolidated Memorandum On Behalf of Creditor Alice E. Migell in Support of Motion to Dismiss, Motion for Relief from Stay and to Authorize Sale of Real Estate by the Receiver Pursuant to Settlement Agreement or to Appoint Trustee filed herewith (the "Consolidated Memorandum").

2. Here, the settlement was reported to the Court by Debtor's counsel on April 28, 2015 after he had requested a delay in the start of trial in which the Debtor's fraudulent conduct in the prosecution of his first petition in this court would have been proved. A fully executed document was then filed by Debtor's counsel on April 29, 2015. 1Dkt. # 67. After further hearing which involved Debtor's Massachusetts counsel who represented him in state court trials and on appeal in the cases giving rise to Debtor's liability, on July 21, 2015 this Court approved the Settlement Agreement a second time. See 1Dkt. ##83-94.

3. Without immediate relief from this Court, sales of the properties threaten to fail because the buyers walk away. The properties are distressed, likely tear-downs, and should not be lived in. See Affidavit of Craig R. Jalbert, CIRA, filed herewith. Loss of these buyers is likely to result in delay, higher costs, and less advantageous terms of sale.

4. Relief from the stay for cause is appropriate when the Debtor has filed a petition in bad faith, and solely for the purpose as here of obstructing the rights of creditors by abuse of the automatic stay. *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393, 1394 (11th Cir. 1988); *In re Gooding*, 234 B.R. 157 (Bankr. M.D. Fla.1999). *In re HBA East, Inc.*, 87 B.R. 248, 260 (Bankr. E.D.N.Y. 1988); *In re The Miracle Church of God in Christ*, 119 B.R. 308, 310 (Bankr. M.D. Fla. 1990).

[1] References to docket entries for the first petition, Case No. 6:14-bk-13714, appear as "1Dkt. #--". References to docket entries for this second petition, Case No. 6:15-bk-10569, appear as "2Dkt. #--".

5. Under 11 U.S.C. § 105, this Court possesses authority in equity "to see that injustice or unfairness is not done in the administration of the Bankrupt's estate. *In re: Karpe*, 84 B.R. 926, 933 (Bankr. M.D. Pa. 1988), *citing Pepper v. Litton*, 308 U.S. 295 (1939). The only limitation on the Court's equitable power "is that it be used in furtherance of the provisions and goals of the Bankruptcy Code." *In re: Ashford Hotels,* 235 B.R. 734, 740 (S.D.N.Y 1999).

6. In *PNC Bank, N.A. v. Rolsafe Int'l, LLC (In re Rolsafe Int'l, LLC)*, 477 B.R. 884, 901 (Bankr. M.D. Fla. 2012), this Court summarized the principles on which the movant requests this relief as follows:

> This Court possesses the inherent authority to summarily enforce a settlement agreement entered into by parties litigant in a pending case. Ford v. Citizens & Southern Nat'l Bank, 928 F.2d 1118, 1121 (11th Cir. 1991). . . . Thus, upon a finding that an enforceable settlement agreement was reached, this Court may enforce it. Furthermore, courts have recognized the bankruptcy court's power to enforce settlement agreements under § 105, which allows the bankruptcy court to issue a decree of specific performance of a contract. *In re Stokes*, 198 B.R. 168, 175 (E.D. Va. 1996); *In re Hillsborough Holdings Corp.*, 267 B.R. 882, 889 (Bankr. M.D. Fla. 2001).

7. The Court's power exists to enforce the Settlement Agreement "even where the case has been dismissed prior to the order enforcing the agreement." *In re: Beinert*, 48 B.R. 326, 328 (N.D. Iowa 1985).

8. The Affidavit of Craig R. Jalbert, CIRA, filed herewith demonstrates the benefits from the sale, when compared against the prospect of losing buyers for two (2) properties which the Debtor agreed would be sold under the Settlement Agreement, Mrs. Migell and the estate would benefit by appointment of the Receiver to serve as trustee.

9. It is significant that the Debtor was given the options to engage an appraiser and, to propose brokers for the sales of property to which he agreed in the Settlement Agreement. Nothing precluded him from assisting the receiver and promoting the sales on terms he believed

best. He did none of these things. All he did was to obstruct the efforts of the receiver to implement the Settlement Agreement, as summarized in the Consolidated Memorandum.

10. Attached as Exhibit 2 to the Consolidated Memorandum is the Receiver's Motion for Approval of Sales of Real Estate, with supporting affidavit and the purchase and sales agreement. A copy of the state court order approving the sale is attached thereto as Exhibit 4.

11. The Settlement Agreement was approved by this Court after notice and hearing in which the Debtor, his state court attorneys, and the undersigned participated. It was clear from the text of the Settlement Agreement and the motion filed for its approval that the state court receiver would be charged with liquidating three parcels of real estate in order to satisfy two state court judgments against the Debtor. The only other creditor listed in the Debtor's skeleton petition in this action is the prior state court receiver, Sally R. Gaglini. The undersigned will obtain and file her assent to allowance of the sale should the Court so require.

12. The Debtor and other interested parties who he has identified all had notice of the motion for approval of the Settlement Agreement, and the order of approval entered after full hearing on July 21, 2015. Therefore, should this Court determine that authorization is required under 11 U.S.C. § 363, prior notice of the sale was given and the intention to sell, as well has disbursement of the net sale proceeds, were facts all known to the creditors now identified by the Debtor. Accordingly, this Court should enter an order approving the sales under 11 U.S.C. § 363 and find that the notice requirements were met when the Settlement Agreement was approved.

13. The state court Receiver should be excused from conveying any assets to the Debtor given the Debtor's documented history of fraud, as more fully set out in the Consolidated Memorandum filed herewith.

14. With the pending bankruptcy, unless the Court also allows the Emergency Motion to Dismiss filed herewith, either the state court receiver will require an order authorizing him to complete the sales or a trustee will need to be appointed with instructions to do so. Therefore, if the Court grants Mrs. Migell's motion for relief from the automatic stay and to direct that the real estate that is subject to the Settlement Agreement be sold as provided therein, a further order directing an officer to complete the sale is requested.

15. It is submitted that, if the Court denies or defers acting on the Motion to Dismiss, an order authorizing the Receiver to convey title, pending the status conference to be held on January 6, 2015, will be the most efficient way to ensure that the buyers do not walk away from a closing, which they desire to occur by December 31, 2015. In the alternative, the Receiver would be most suitable for appointment as trustee

16. The currently-serving state court receiver is appropriate for appointment as trustee. The Court is authorized to direct the appointment of the receiver to serve as a chapter 11 trustee. *In re Petters Co.,* 401 B.R. 391, 394 (D. Minn. 2009), *aff'd. Ritchie Special Credit Invs., Ltd. v. U.S. Trustee (In re Petters Co.)*, 620 F.3d 847, 853-54 (8th Cir. 2010); *In re Roxwell Performance Drilling, LLC*, 2013 Bankr. LEXIS 5345 (Bankr. N. D. Tex. 2013).
Given the pressing timing issues, caused by the Debtor's subterfuge, if the Court determines further notice may be required, then it is requested that the Court allow a one-day notice and schedule hearing on an expedited basis so that, if the sales are approved, they may close by December 31, 2015. See *In re; Richie Risk-Linked Strategies Trading (Ir.), Ltd.,* 471 B.R. 331, 338-339 (Bankr. S.D.N.Y. 2012); *Vonderahe v. Polaniecki,* 276 B.R. 856, 858-859 (S.D. Ohio 2001).

WHEREFORE, the undersigned requests that this Court grant relief from the automatic stay and authorize the state-court receiver, as custodian of the assets, to proceed to sell the Debtor's real estate known as and located at 20 Rich Street, Waltham Massachusetts and 321 Tremont Street, Newton, Massachusetts or, in the alternative, order that the Receiver be appointed as trustee with authority to sell the property under 11 U.S.C. § 363.

A proposed order is filed herewith.

Respectfully submitted,

Dated: December 28, 2015

Robert J. O'Regan (BBO#379970)
*As Guardian and Conservator for*
*Alice E. Migell*
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000
roregan@burnslev.com

**CERTIFICATE OF SERVICE**

I, Robert J. O'Regan, hereby certify that a copy of the foregoing document was served on December 28, 2015 by first-class mail and electronic mail as follows:

Andrew B. Migell
215 Lake Shore Drive
Wayland, MA 01778
Email: sunlawllp@gmail.com

Andrew B. Migell
11 Timicuan Dr.
Ormand Beach, FL 32174
Email: sunlawllp@gmail.com

Timothy S. Laffredi
Office of the U.S. Trustee
400 Washington Street
Suite 1100
Orlando, FL 32801
Email: Timothy.S.Laffredi@usdoj.gov

MacLean Holloway Doherty Ardiff & Morse
8 Essex Center Drive
Peabody MA 01960
Email: Tflannagan@mhdpc.com

Finance Department County of Volusia
123 W Indiana Ave Rm 103
Deland, FL 32720
Email: ddepeyster@volusia.org

Robert J. O'Regan

4820-0452-6124.2