ORDERED.

**Dated: January 08, 2016**

Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re

ANDREW B. MIGELL,

Debtor.

Case No. 6:15-bk-10569-KSJ
Chapter 11

**ORDER GRANTING ALICE MIGELL'S MOTION FOR RELIEF FROM STAY AND AUTHORIZING SALE OF CERTAIN OF THE DEBTOR'S REAL ESTATE ASSETS**

Upon the Motion for Relief from Stay filed by Creditor Alice E Migell (Doc. No. 20) (the "Motion") seeking to sell certain real estate properties owned by the Debtor by the state court appointed receiver (the "Receiver") in accordance with a Settlement Agreement previously approved by this Court on July 27, 2015, in Case No. 6:14-bk-13714 (the "Prior Order") (Doc No. 93). The Receiver consents to the relief requested.[1] The Debtor previously agreed to the sales in the Settlement Agreement but, at the hearing on January 6, 2016, he opposed the Motion. The Court finds sufficient cause to modify the stay to allow the sales to proceed on an emergency basis. Accordingly, it is

[1] Doc. No. 31.

**ORDERED**:

1. The Motion (Doc. No. 20) is granted.

2. The sale of the properties by the Receiver may proceed as previously ordered by this Court and the Massachusetts State Court.

3. Debtor shall comply with the Prior Order and Settlement Agreement to facilitate the sales and the Receiver's actions.

4. This Order is binding upon all persons and entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, other governmental entities, secretaries of state, federal, state, and local officials, and all other persons who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any of the real estate properties conveyed by the Receiver on behalf of the Debtor.

5. The Receiver is authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtor or the purchasers deem necessary or appropriate to implement and effectuate the terms of this Order. The Receiver is authorized to disburse and distribute proceeds from the sales as provided in the state court's receivership orders and as contemplated by the Settlement Agreement and Prior Order.

6. From and after the date of entry of this Order, the Debtor shall not take or cause to be taken any action that would interfere with the sales.

7. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and to hear and determine any and all disputes between the Debtor and any non-Debtor party.

8. This Order shall bind and insure to the benefit of any Chapter 11 or Chapter 7 trustee that may be appointed in the Debtor's case and shall be binding upon any trustee, party, entity, or fiduciary that may be appointed in connection with these cases or any other or further case involving the Debtor, whether under Chapter 7 or Chapter 11 of the Bankruptcy Code.

9. Nothing in any order of this Court or contained in any plan of reorganization or liquidation confirmed in this Chapter 11 case, or in any subsequent or converted cases of the Debtor under Chapter 7 or Chapter 11 of the Bankruptcy Code, shall conflict with or derogate from the provisions of this Order. The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order that may be entered confirming any Chapter 11 plan of the Debtor, converting the Debtor's case from Chapter 11 to cases under Chapter 7 of the Bankruptcy Code, or dismissing the Debtor's Chapter 11 case.

10. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

11. This Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. The Court specifically waives Bankruptcy Rule 4001(d), and no stay under Bankruptcy Rule 6004 or 6006 shall arise.

12. The Receiver, on behalf of the Debtor, is authorized to close the proposed sales immediately upon entry of this Order.

###

**Copies furnished to:**

The Clerk is directed to serve a copy of this Order on all interested parties.