ORDERED.

Dated:  July 28, 2017

_____
Karen S. Jennemann
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re                                                              )
                                                                   )
ANDREW BRUCE MIGELL,                     )   Case No.  6:15-bk-10569-KSJ
                                                                   )   Chapter 7
    Debtor.                                                  )
                                                                   )

**MEMORANDUM OPINION OVERRULING CREDITOR'S AMENDED
OBJECTION TO DEBTOR'S CLAIMED EXEMPTION IN FLORIDA HOMESTEAD**

Creditor, Alice Migell, objects to the Debtor's, Andrew Bruce Migell's, claimed exemption for Florida homestead property located at 11 Timicuan Drive, Ormond Beach, Florida ("Homestead").[1] Finding that the Creditor failed to meet her burden of proof, the Court overrules Creditor's Amended Objection to Debtor's Florida Homestead. Debtor's Homestead is exempt from creditor claims.

The Florida Constitution protects a debtor's homestead from forced sale.[2] "[T]he homestead character of a property depends upon an actual intention to reside thereon as a permanent place of residence, coupled with the fact of residence."[3] A debtor's homestead

---

[1] Doc. No. 126. The trial was held on April 13, 2017.
[2] Fla. Const, art. X, § 4.
[3] *In re Harle*, 422 B.R. 310, 314 (Bankr. M.D. Fla. 2010) (quoting *In re Bennett*, 395 B.R. 781, 789 (Bankr. M.D. Fla 2008) (quoting *Hillsborough Investment Co. v. Wilcox*, 13 So. 2d 448, 452) (Fla. 1943))) (internal quotation marks omitted).

exemption claim is presumptively valid.[4] Courts have emphasized that Florida's "homestead exemption is to be liberally construed in the interest of protecting the family home."[5] "'Any challenge to the homestead exemption claim places a burden on the objecting party to make a strong showing that the Debtor is not entitled to the claimed exemption.'"[6] "[H]omeowners seeking to qualify for the homestead exemption must meet *both* an objective and subjective test. First, they must actually use and occupy the home. Second, they must express an actual intent to live permanently in the home."[7]

The overwhelming weight of the evidence supports a conclusion that the Debtor has physically lived in his Homestead since 2011. The Court further finds the Debtor subjectively intends to remain a Florida resident for the foreseeable future. Creditor simply has failed to prove otherwise.

Debtor has filed two Chapter 11 bankruptcy petitions exactly one year apart—on December 22, 2014[8] and on December 22, 2015.[9] In both cases, Debtor has listed his Homestead as exempt on his Schedule C.[10] Debtor got a Florida driver's license on July 1, 2011.[11] Debtor's minor daughter has attended a Florida school near the Homestead since 2011.[12] Debtor, acting *pro se*, credibly and consistently testified that he has lived in the Homestead since 2011,[13] and intends to continue residing in the home.

---

[4] *Colwell v. Royal Int'l Trading Corp. (In re Colwell)*, 196 F.3d 1225, 1226 (11th Cir. 1999).
[5] *Havoco of Am., Ltd. v. Hill*, 790 So. 2d 1018, 1020 (Fla. 2001), *opinion after certified question answered*, 255 F.3d 1321 (11th Cir. 2001).
[6] *In re Franzese*, 383 B.R. 197, 202-03 (Bankr. M.D. Fla. 2008) (citing *Trustee v. Robert Laing (In re Laing)*, 329 B.R. 761, 770 (Bankr. M.D. Fla. 2005) and quoting *In re Harrison*, 236 B.R. 788, 790 (Bankr. M.D. Fla. 1999)).
[7] *In re Harle*, 422 B.R. at 314.
[8] Case No. 6:14-bk-13714-KSJ, Doc. No. 1.
[9] Doc. No. 1.
[10] Doc. No. 185, p. 20; Case No. 6:14-bk-13714-KSJ, Doc. No. 17, p. 8.
[11] Debtor's Exh. No. 1. The license remains valid. Debtor's prior Massachusetts driver's license expired on December 13, 2016. Creditor's Exh. No. 1.
[12] Creditor's Exh. No. 15, p. 52, ¶¶ 13-22.
[13] Creditor's Exh. No. 15, p. 50, ¶¶ 14-24. Debtor also sufficiently described the Homestead property. Creditor's Exh. No. 14, p. 19, ¶¶ 1-23.

Creditor's objection relates to a dispute pending in Massachusetts between the Debtor and the Guardian for his Mother, the Creditor Alice Migell. The Massachusetts State Court has found the Debtor culpable for stealing money rightfully belonging to his Mother and has entered a substantial judgment against the Debtor to recover these losses arising from a proven breach of the Debtor's fiduciary duties.[14] Much of this defalcation relates to the Debtor's improper transfers to himself or related entities of real property located in Florida, Massachusetts, and New Hampshire that formerly belonged to his now deceased father.[15] None of these transfers, however, directly relate to the Homestead. Debtor's father never owned the Homestead. Debtor instead purchased the Homestead on May 23, 2005,[16] five years before this litigation started in Massachusetts.[17] Creditor presented absolutely no evidence *directly* connecting the Debtors purchase of his Homestead with the on-going litigation in Massachusetts.

Rather, Creditor points to actions and statements made by the Debtor in the Massachusetts litigation to raise questions as to the legitimacy of the Debtor's right to claim the Homestead exempt. For example, Debtor has received mail at four separate mailing addresses in recent years.[18] Getting mail at more than one address is not determinative of homestead status. Many people who own multiple properties receive mail at several different addresses. And, here, Debtor *consistently* has gotten mail at his Homestead.

Creditor also suggests the Debtor may have relied on health insurance supplied only to residents of Massachusetts. Creditor, however, did not provide any credible evidence that the Debtor uses the health insurance program or details as to when he, if ever, acquired the health

---

[14] Doc. No. 126-3; Creditor's Exh. No. 4-6.
[15] Creditor's Exh. No. 4-6.
[16] Creditor's Exh. No. 7.
[17] Creditor's Exh. No. 9, p. 2.
[18] Creditor's Exh. No. 14, p. 89, ¶¶ 2-23, and p. 90, ¶¶ 1-24. Debtor has received mail at the following addresses: (1) 323 Tremont Street, Massachusetts, (2) 215 Lakeshore Dr., Wayland, Massachusetts, (3) 11 Timicuan Drive, Florida, and (4) a P.O. Box in Waltham, Massachusetts. *Id*.

insurance. Debtor again credibly testified that neither he, nor his family, use the government subsidized health insurance provided by Massachusetts.[19]

The only plausible piece of evidence supporting Creditor's objection is that the Debtor filed a homestead declaration exemption in Massachusetts in 2014.[20] The Massachusetts Probate and Family Court found that this Declaration was an improper "encumbrance on real estate."[21] Earlier, in 2009, the Massachusetts Court had found the deed transferring this Massachusetts property to the Debtor to be null and void because of the Debtor's defalcation in his fiduciary duties.[22] Debtor's ethics certainly are suspect, but this Court concludes that the filing of the Homestead Declaration in Massachusetts was a desperate attempt to keep real property about to be lost in the Massachusetts litigation. He likely committed an infraction of Massachusetts law, but the Massachusetts Declaration, even though very troubling, does not negate the fact that the Debtor has physically lived in Florida since 2011 and intends to stay in the state. Even bad actors, like the Debtor, get to claim a home exempt.

Creditor merely argues that the Debtor is not entitled to Florida homestead exemption because the Florida home is not his primary residence.[23] Creditor offers no significant evidence that the Debtor did not use, occupy, or intend to remain in the Homestead.[24] This Court must

---

[19] Creditor's Exh. No. 15, p. 105-07, ¶¶ 20-24, ¶¶ 1-8, and ¶¶ 9-16.
[20] Creditor's Exh. No. 2.
[21] Creditor's Exh. No. 12.
[22] On June 24, 2009, the Massachusetts Probate Court found that the deed conveying the property located at 215 Lakeshore Dr. in Wayland, Massachusetts was null and void. Creditor's Exh. No. 4, p. 1, ¶ 3. On November 2, 2016, the Appeals Court for the Commonwealth of Massachusetts upheld the original finding that the deed conveying the Wayland property was void. Creditor's Exh. No. 6, pp. 4-6.
[23] Doc. No. 126.
[24] Creditor primarily relied on only four facts to prove that the Debtor was not entitled to Florida homestead. First, Debtor has a Massachusetts driver's license, which was issued on May 17, 1984 and expired on December 13, 2016. Creditor's Exh. No.1. Second, Debtor filed a Massachusetts homestead exemption for 215 Lakeshore Drive, Wayland MA on June 24, 2014. Creditor's Exh. No. 2. Third, Debtor receives mail at the Massachusetts home. Creditor's Exh. No. 14, p. 89, ¶¶ 2-23, and p. 90 ¶¶ 1-24. Lastly, Debtor may have a government subsidized healthcare plan provided by the State of Massachusetts. Creditor's Exh. No. 15, p. 105-07, ¶¶ 20-24, ¶¶ 1-8, and ¶¶ 9-16.

construe homestead rights liberally in favor of the Debtor. Creditor, who has the burden of proof, failed to make a 'strong showing' that the Debtor is not entitled to claim his Homestead exempt.

Alternatively, Creditor argues that, even if this Court finds that the Debtor physically lived in and intended to remain a Florida resident when he filed his bankruptcy petition, Section 522(b)(3)(A) of the Bankruptcy Code[25] requires Massachusetts homestead exemption law to apply, which would limit the value of the exemption to $125,000. Under Section 522(b)(3)(A), a debtor is entitled to claim exemptions in the state "in which the debtor's domicile has been located for the 730–days immediately preceding the date of the filing of the petition."[26] If the debtor lived in more than one state during the 730–days preceding his bankruptcy petition, the Court looks at the debtor's domicile during "the 180 days immediately preceding the 730–day period or for a longer portion of such 180–day period than any other place."[27]

First, this Court already has found the Debtor has continuously resided in Florida since 2011, approximately 1,400 days before this bankruptcy case was filed. Second, both this Court and the Massachusetts Court have found the Debtor's misguided filing of a Declaration of Homestead in Massachusetts invalid and less than credible. As such, there is no logical basis to calculate the Debtor's residency from the filing of this fishy Declaration on June 24, 2014. Third, even if this Court were to find that the Debtor's Massachusetts Declaration valid, the Creditor offered no evidence to prove that the Debtor's domicile was not in Florida for the 180 days immediately *preceding* the 730 day period.[28] Other than the skimpy evidence already rejected above, Creditor utterly fails to demonstrate where the Debtor resided, other than Florida, prior to December 22, 2013, 730 days before this bankruptcy case was filed. Section 522(b)(3)(A) of the

---

[25] All references to the Bankruptcy Code refer to 11 U.S.C. §§ 101, *et seq*. (2012).
[26] 11 U.S.C. § 522(b)(3)(A).
[27] *Id.*; *In re Crandall*, 346 B.R. 220, 221 (Bankr. M.D. Fla. 2006).
[28] The date of this petition was December 22, 2015. Debtor filed a homestead protection form in Massachusetts on June 24, 2014. Creditor's Exh. No. 2. The time period of 730-days preceding the date of filing is December 22, 2013. The time period of 180-days plus 730-days preceding the date of filing is June 25, 2013. Creditor did not prove that the Debtor was not domiciled in Florida from June 25, 2013 through December 22, 2013.

Bankruptcy Code does not require the Debtor to use Massachusetts homestead provisions. Florida homestead exemption law applies.[29]

Creditor next argues that Section 522(q) of the Bankruptcy Code would limit the aggregate value of the Debtor's homestead exemption to $160,375. "Section 522(q) prevents a debtor from claiming a home exempt if certain prerequisites or thresholds contained in Section 522(p) are met."[30] Section 522(q)(1) provides that a debtor may not exempt property "described in subparagraphs (A) … of subsection (p)(1) which exceeds in the aggregate of $160,375 in value if … (B) the debtor owes a debt arising from … (ii) fraud, deceit, or manipulation in a fiduciary capacity." In turn, Section 522(p)(1)(A) provides that a "debtor may not exempt any amount of interest that was acquired by the debtor during the 1215–day period preceding the date of the filing of the petition that exceeds in the aggregate $160,375 in value in (A) real or personal property that the debtor ... uses as a residence." The bottom line is that the Creditor must show that the Debtor acquired an interest in his Homestead within 1,215 days before the debtor filed this bankruptcy case. Here, the Debtor acquired his Homestead property on May 23, 2005, which is *3,865 days* before he filed this bankruptcy petition.[31] Creditor's argument again fails. Debtor is entitled to exempt the full value of his Homestead.

---

[29] Additionally, if this Court finds that the Massachusetts homestead exemption was valid, Debtor terminated any homestead rights he had when he filed bankruptcy and expressed his intent to again make Florida his domicile and residence. Mass. Gen. Laws Ann. ch. 188, § 10(3). "[T]he Supreme Judicial Court [of Massachusetts's] would rule that a homestead estate could be terminated by abandonment." *In re Marrama*, 307 B.R. 332, 338 (Bankr. D. Mass. 2004). "Whether there has been an abandonment is largely a question of intention. Intent to abandon a homestead is difficult to determine. These cases strongly suggest that intention can be manifested by the outward acts of the declarant." *Id.*
[30] *Miller v. Burns (In re Burns)*, 395 B.R. 756, 763 (Bankr. M.D. Fla. 2008).
[31] Doc. No. 1. Debtor filed this petition on December 22, 2015.

Creditor's final argument is that the Debtor bought the homestead property with ill-gotten funds stolen from parents. Creditor asserts that there is a constructive lien or trust on the homestead property for $153,066.67.[32] Creditor states that Debtor converted funds from the Mockingbird Realty Trust to purchase the homestead.[33]

Once again, Creditor has failed to prove this allegation.[34] Debtor states he paid for his Homestead with monies he received "directly from the father to which he was given prior to father's death."[35] The Massachusetts Probate Court has not entered any judgment imposing a constructive or equitable lien[36] on the Debtor's Homestead, although such a trust was imposed on *other* real properties previously owned by the Debtor and his wife.[37] Creditor did not prove by "clear and convincing evidence" that the Debtor bought the Homestead property with ill-gotten funds stolen from parents.[38] No constructive trust exists that would limit the Debtor's right to claim the Homestead exempt.

---

[32] Doc. No. 126, p. 6, ¶22.

[33] Doc. 126-3, ¶¶ 91, 97-98. Creditor states that, at the meeting of creditors conducted by the United States Trustee on January 26, 2016, Debtor asserted privilege against self-incrimination declining to answer questions on whether money from the real estate he did not own was used to pay for his Homestead. Doc. No. 126, p. 6, ¶¶ 22, 14, 15. Debtor denies this allegation. Doc. No. 203, p. 1, ¶4. Creditor did not provide the transcript, even though the Creditor states this allegation in her amended Objection. Doc. No. 126, p. 6, ¶ 14. Without reviewing the transcript cited, the Court cannot give any weight to this argument.

[34] *See White v. Weatherford (In re Abrass)*, 268 B.R. 665, 678 (Bankr. M.D. Fla. 2001) ("Florida courts have held that, to demonstrate a constructive trust, a plaintiff must prove four elements by clear and convincing evidence: 1) a promise, express or implied; 2) a transfer of property and reliance thereon; 3) a confidential relationship; and, 4) unjust enrichment.").

[35] Doc. No. 203, p. 1, ¶4.

[36] Creditor's Exh. No. 4, ¶¶4-10. Debtor and his wife were ordered to return the proceeds from the sales of two properties in New Hampshire, and that those proceeds would be held in a resulting trust or constructive trust. *Id*. Additionally, "[a]ny proceeds from the sales of the above properties [including 17 Wyola Road, Hull, Massachusetts and 215 Lakeshore Drive, Wayland, Massachuesetts] are held … by a resulting trust in favor of the Estate of Bruce A. Migell, and by constructive trust for the benefit of Alice Migell." *Id*. at ¶ 10.

[37] The Creditor's Objection points to *In re Harle* case. In that case, the judgment against the Debtor was properly attached to the property and recorded with the Volusia County Clerk of Court. *In re Harle*, 422 B.R. at 313.

[38] *Pelecanos v. City of Hallandale Beach*, 914 So. 2d 1044, 1047 (Fla. 4th Dist. Ct. App. 2005) ("We agree with the [T]hird [D]istrict's recent interpretation of *Havoco* wherein it stated 'an equitable lien is not permitted against homestead property unless the funds used to invest in, purchase or improve the homestead were obtained through fraud or egregious conduct....'") (internal citations omitted).

Creditor did not meet the burden of proof to find that the Florida homestead exemption does not apply to the Debtor's Homestead property. Creditor's Objection is overruled.[39] A separate order consistent with this Memorandum Opinion shall be entered contemporaneously.

### ###

Attorney, Robert O'Regan, is directed to serve a copy of this order on all interested parties and file a proof of service within 3 days of entry of the order.

---

[39] Doc. No. 126.